1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JACOB THOMAS DEMASTERS,                    CV F   05-1402 DLB HC

10                              Petitioner,        ORDER REGARDING RESPONDENT'S
                                                   MOTION TO DISMISS

11          v.                                     [Doc. 12]

12
13  PEOPLE OF STATE OF CALIFORNIA,

                                Respondent.
14  _____/

15
16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17  pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to

    the jurisdiction of the United States Magistrate Judge.  (Court Docs. 4, 14, 16.)

18
                                    RELEVANT BACKGROUND
19
20          Petitioner is confined at the California Correctional Institution, Tehachapi, California

21  pursuant to a judgement of conviction of the Superior Court of the State of California, County of

    Tulare.  Petitioner was convicted by a jury of two counts of kidnaping for carjacking with
22
    personal use of a firearm, vehicle theft and resisting an officer.  (Lodged Doc. 1.)  Petitioner was
23
24  sentenced to state prison for concurrent life terms on the kidnaping counts, plus ten years for the

25  firearm use, and two years for the vehicle theft.  A one-year sentence for resisting an officer was

    ordered to run concurrently.  (Id.)
26
27          Petitioner filed a timely notice of appeal to the California Court of Appeal, Fifth

28  Appellate District.  (Id.)  The conviction was affirmed in its entirety on July 1, 2005.  (Lodged

1   Doc. 4.)

2         Petitioner filed a petition for review with the California Supreme Court. (Lodged Doc.

3   5.) The petition was denied on September 21, 2005. (Lodged Doc. 6.)

4         Petitioner did not seek state habeas corpus review.

5         The instant petition was filed on November 8, 2005. Petitioner filed an amended petition

6   of which this action is proceeding on April 5, 2006.

7                           DISCUSSION

8   A.     Procedural Grounds for Motion to Dismiss

9         Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

10   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

11   petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to

12   Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state

13   remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as

14   to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the

15   ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss

16   under Rule 4 of the Rules Governing Section 2254 Cases. See, e.g., O'Bremski v. Maass, 915

17   F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley,

18   533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254

19   Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its

20   authority under Rule 4.

21   B.     Exhaustion of State Remedies

22         A petitioner who is in state custody and wishes to collaterally challenge his conviction by

23   a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).

24   The exhaustion doctrine is based on comity to the state court and gives the state court the initial

25   opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

26   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct.

27   1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

28         A petitioner can satisfy the exhaustion requirement by providing the highest state court

1  with a full and fair opportunity to consider each claim before presenting it to the federal court.

2  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828,

3  829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair

4  opportunity to hear a claim if the petitioner has presented the highest state court with the claim's

5  factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal

6  basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

7  Additionally, the petitioner must have specifically told the state court that he was raising a

8  federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133

9  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court

10  violated his due process rights "he must say so, not only in federal court but in state court."

11  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is

12  insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.

13  Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance

14  that the "due process ramifications" of an argument might be "self-evident."); Gray v.

15  Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus

16  must include reference to a specific federal constitutional guarantee, as well as a statement of the

17  facts which entitle the petitioner to relief.").

18        Additionally, the petitioner must have specifically told the state court that he was raising

19  a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666,

20  669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th

21  Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In Duncan, the United States

22  Supreme Court reiterated the rule as follows:

23        In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion
       of state remedies requires that petitioners "fairly presen[t]" federal claims to the
24     state courts in order to give the State the "'opportunity to pass upon and correct
       alleged violations of the prisoners' federal rights" (some internal quotation marks
25     omitted). If state courts are to be given the opportunity to correct alleged violations
       of prisoners' federal rights, they must surely be alerted to the fact that the prisoners
26     are asserting claims under the United States Constitution. If a habeas petitioner
       wishes to claim that an evidentiary ruling at a state court trial denied him the due
27     process of law guaranteed by the Fourteenth Amendment, he must say so, not only
       in federal court, but in state court.

28

3

1    Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

2           Our rule is that a state prisoner has not "fairly presented" (and thus
      exhausted) his federal claims in state court *unless he specifically indicated to*
3     *that court that those claims were based on federal law*. See Shumway v. Payne,
      223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in
4     Duncan, this court has held that the *petitioner must make the federal basis of the*
      *claim explicit either by citing federal law or the decisions of federal courts, even*
5     *if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889
      (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the
6     underlying claim would be decided under state law on the same considerations
      that would control resolution of the claim on federal grounds. Hiivala v. Wood,
7     195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31
      (9th Cir. 1996); . . . .
8           In Johnson, we explained that the petitioner must alert the state court to
      the fact that the relevant claim is a federal one without regard to how similar the
9     state and federal standards for reviewing the claim may be or how obvious the
      violation of federal law is.

10   Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

11        In the amended petition, Petitioner raises the following three claims: 1) "public defender

12   failed to call witnesses on behalf of my defense Marsden hearing conducted"; 2) "scent of

13   alcohol amongst jurors"; and 3) "the trial court prejudicially erred in refusing to exclude the

14   identification testimony as tainted by an inherently unfair and unnecessary suggestive field line

15   up."  (Amd. Pet., at 5-6.)

16        In reviewing the petition for review submitted to the California Supreme Court, Petitioner

17   raised the single claim: "[Petitioner's] Fourteenth Amendment right to due process of law was

18   violated by the admission of the identification testimony because it was tainted by an inherently

19   unfair and unnecessarily suggestive field showup."  (Lodged Doc. 4.)  Therefore, only the first

20   claim was raised and exhausted.  Claims Two and Three are unexhausted, resulting in the instant

21   petition being "mixed."

22        The Court must dismiss a mixed petition without prejudice to give Petitioner an

23   opportunity to exhaust the claims if he can do so.  See Rose v. Lundy, 455 U.S. at 521-22;

24   Gordon, 107 F.3d at 760.  However, Petitioner must be provided with an opportunity to withdraw

25   the unexhausted claims and go forward with the exhausted claims. Jefferson v. Budge, 419 F.3d

26   1013 (9th Cir.2005); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts

27   must provide habeas litigants with the opportunity to amend their mixed petitions by striking

28

unexhausted claims as an alternative to suffering dismissal").

ORDER

_____Accordingly, Respondent's motion to dismiss the petition shall be GRANTED. However, Petitioner may, at his option, move to withdraw the unexhausted claims within thirty (30) days of the date of service of this Order and proceed with only the exhausted claim. Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).  If petitioner fails to withdraw the unexhausted claims within the thirty (30) day time frame, the entire petition will be dismissed, without prejudice, so Petitioner can return to state court to exhaust the remainder of his claims before filing a new federal petition. Rose v. Lundy, 455 U.S. at 520; Guizar v. Estelle, 843 F.2d at 372. This dismissal will not bar Petitioner from returning to federal court after exhausting available state remedies. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.1995).  However, this does not mean that Petitioner will not be subject to the one year statute of limitations imposed by 28 U.S.C. §  2244(d).  Although the limitations period is tolled while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

IT IS SO ORDERED.

**Dated:   August 9, 2006**                              **/s/ Dennis L. Beck**
3b142a                                                    UNITED STATES MAGISTRATE JUDGE

5